UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. |
| ) | |
| v. ) | VIOLATION: |
| ) | |
| PATRICK ANGLE, ) | 18 U.S.C. § 1030(a)(5)(A)(i), (B)(i) |
| ) | (Intentionally Damaging Protected |
| ) | Computer) |
| Defendant. ) | |

**04 CR 10252 RCL**

**INFORMATION**

The United States Attorney charges:

BACKGROUND

1. PATRICK ANGLE is an individual who lived in New Hampshire from approximately August, 2001 through October, 2002, and in Columbus, Indiana from approximately November, 2002 through September, 2003. He maintained his house in Columbus, Indiana at all times relevant to the events set out below.

2. Varian Semiconductor Equipment Associates, Inc. ("Varian"), is a corporation headquartered in Massachusetts that designs, manufactures, and services equipment used to make computer chips.

3. In August, 2001, Varian hired ANGLE to develop e-commerce software that would allow the company to communicate and transact business with its vendors over the Internet.

4. To take this job, ANGLE moved his family from Indiana to New Hampshire. Half the business week he would commute across the state border to Varian's offices in Massachusetts, and half the week he would telecommute from home.

5. At ANGLE's request, in approximately October, 2002, ANGLE and his family moved back to Indiana and Varian agreed to let ANGLE continue working for Varian from

his Indiana home.

6.  ANGLE then telecommuted from his home in Indiana by logging on to Varian's computer servers, specifically its Aventail and Cypher servers. At all times relevant to the events set out herein, these computers were located in Massachusetts and were used by Varian in interstate commerce and communication.

7.  Because Varian had no legal presence in Indiana, ANGLE could no longer be a full-time Varian employee and had to become a contract employee with a company that consulted to Varian. As a contract employee, ANGLE was no longer entitled to most of the benefits that full-time employees received, such as health insurance, but he tried to make up for this by negotiating for additional benefits, some of which Varian granted.

8.  ANGLE resented this arrangement and later believed that his Varian supervisors had not fulfilled all of the company's obligations under the contract. Their relationship deteriorated.

9.  On approximately September 8, 2003, ANGLE's supervisor at Varian told him that Varian would terminate his contract on approximately October 3, 2004.

## THE COMPUTER ATTACK

10.  On September 17, 2003, from his Indiana home, ANGLE logged into Varian's Cypher computer server in Massachusetts, as he was authorized to do. This computer held the source code to the e-commerce software that ANGLE had been developing for Varian, as well as the source code to software projects that others at Varian were developing.

11.  To vent his frustration with Varian and in excess of his authorized access, ANGLE then intentionally and without authorization transmitted computer commands to the Cypher server that deleted the source code for the e-commerce software that he had been developing, along with source code for e-commerce software developed by others at Varian.

12. In an effort to prevent Varian employees and others from determining who had damaged the Cypher server, ANGLE edited and deleted some of the computer logs that would normally track who used the server and what actions they took on it. ANGLE also changed the server's root password to make it difficult for other Varian employees to log on to the server and assess and repair the damage he had done.

13. ANGLE then joined a Varian teleconference, saying nothing about what he had done to the computer server. At the end of the teleconference, he announced that he was leaving his job at the end of the day.

14. Shortly after the meeting, ANGLE attempted to mask his responsibility for the damage by telling one of his colleagues at Varian that he was having trouble logging on to the Cypher server. ANGLE's colleagues investigated the situation and eventually discovered that the server's password had been changed and that much of the information on the server had been deleted.

15. The software source code that ANGLE deleted had been developed at great expense to Varian and would have been expensive to reproduce. Although Varian was ultimately able to recover the deleted material from backups, the effort consumed approximately 230 man-hours and other associated costs that totaled approximately $26,455.

## COUNT ONE
(Intentionally Damaging Protected Computer)
18 U.S.C. § 1030(a)(5)(A)(i), (B)(i)

16.  The U.S. Attorney realleges and incorporates by reference paragraphs 1-15 of this Information, and further charges that:

On or about September 17, 2003, in the District of Massachusetts, and elsewhere, defendant,

## PATRICK ANGLE

knowingly caused the transmission of a program, information, code, and command, and as a result of such conduct, intentionally caused damage without authorization to a protected computer, the Varian Cypher server, which is used in interstate commerce and communication, and by such conduct caused loss to 1 or more persons that affected 1 or more protected computers during a 1-year period aggregating at least $5,000 in value, in violation of 18 U.S.C. §§ 1030(a)(5)(A)(i), (B)(i).

MICHAEL J. SULLIVAN
United States Attorney

By: _____
Adam J. Bookbinder
Assistant U.S. Attorney

_____
SCOTT L. GARLAND
Trial Attorney
Computer Crime and Intellectual Property Section
United States Department of Justice

Dated: August 23, 2004

%JS 45 (5/97) - (Revised USAO 1/16/04)

04 CR 10252 RCL

**Criminal Case Cover Sheet**  U.S. District Court - District of Massachusetts

Place of Offense: _____  Category No. III  Investigating Agency  FBI

City  Gloucester  Related Case Information:

County  Essex

Superseding Ind./ Inf. _____  Case No. _____
Same Defendant _____  New Defendant _____
Magistrate Judge Case Number _____
Search Warrant Case Number _____
R 20/R 40 from District of _____

**Defendant Information:**

Defendant Name  Patrick Angle           Juvenile  ☐ Yes  ☒ No

Alias Name _____

Address  650 22nd St., Columbus, IN

Birth date (Year only): 69   SSN (last 4 #): 8552   Sex M   Race: White   Nationality: US

Defense Counsel if known:  Jesse Cook           Address: 400 Wabash Avenue, Suite 212
                                                         Terre Haute, IN  47807

Bar Number: _____

**U.S. Attorney Information:**

AUSA  Adam Bookbinder           Bar Number if applicable  566590

Interpreter:  ☐ Yes  ☒ No   List language and/or dialect: _____

Matter to be SEALED:  ☐ Yes  ☒ No

☐ Warrant Requested     ☒ Regular Process     ☐ In Custody

**Location Status:**

Arrest Date: _____

☐ Already in Federal Custody as _____ in _____
☐ Already in State Custody _____  ☐ Serving Sentence  ☐ Awaiting Trial
☐ On Pretrial Release:  Ordered by _____ on _____

Charging Document:  ☐ Complaint   ☒ Information   ☐ Indictment

Total # of Counts:  ☐ Petty ____  ☐ Misdemeanor ____  ☒ Felony  1

Continue on Page 2 for Entry of U.S.C. Citations

☒  I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are accurately set forth above.

Date: 8/23/04           Signature of AUSA: _____

**04 CR 10252 RCL**

JS 45 (5/97) - (Revised USAO MA 3/25/02) Page 2 of 2 or Reverse

District Court Case Number (To be filled in by deputy clerk): _____

Name of Defendant    Patrick Angle

### U.S.C. Citations

| Index Key/Code | Description of Offense Charged | Count Numbers |
|---|---|---|
| Set 1   18 USC 1030(a)(5) | Intentionally damaging protected computer | 1 |
| Set 2   _____ | _____ | _____ |
| Set 3   _____ | _____ | _____ |
| Set 4   _____ | _____ | _____ |
| Set 5   _____ | _____ | _____ |
| Set 6   _____ | _____ | _____ |
| Set 7   _____ | _____ | _____ |
| Set 8   _____ | _____ | _____ |
| Set 9   _____ | _____ | _____ |
| Set 10  _____ | _____ | _____ |
| Set 11  _____ | _____ | _____ |
| Set 12  _____ | _____ | _____ |
| Set 13  _____ | _____ | _____ |
| Set 14  _____ | _____ | _____ |
| Set 15  _____ | _____ | _____ |

ADDITIONAL INFORMATION: